IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE WILSON, JR.,                                    :
AIS #104358-B,

Plaintiff,                                             :

vs.                                                    : CIVIL ACTION 12-0666-KD-C

CYNTHIA WHITE,                                         :

Defendant.                                             :


## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding

pro se, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and

Local Rule 72.2(c)(4) for appropriate action. Plaintiff sought and was granted

leave to proceed in forma pauperis ("IFP") on November 30, 2012. [1]  However,

the screening process, mandated by 28 U.S.C. § 1915A, reveals that his action

should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of
> serious physical injury.

For the purpose of ensuring compliance with this statute, prisoner plaintiffs are

required to provide the information necessary for the Court to review their

---

[1] The order authorizing IFP status is **WITHDRAWN** as improvidently granted. After a
complete review of plaintiff's litigation history, which was not fully disclosed by the
plaintiff upon the filing of his complaint, it is clear that he is barred from proceeding IFP.

litigation history in order to determine if § 1915(g) is applicable their actions. (See court-provided complaint form, Doc. 6, pg. 3)  In response to this inquiry Mr. Wilson listed one case that was filed in the United States District Court for the Middle District of Alabama, 2:12-cv-00781-TMH-SRW.  That action was transferred to this Court on October 19, 2012 and forms the basis of his current claim.

The Court has completed a review of the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama in order to determine if Mr. Wilson initiated three or more IFP actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  A completely different history of prior federal lawsuits than that provided by Mr. Wilson is revealed from that review.  The Court's research shows that plaintiff's litigation history is extensive and includes, at a minimum, six actions dismissed based on one of the aforementioned reasons, namely: *Wilson v. Wilson*, 4:92-cv-01813-RBP-RRA (N.D. Ala. 1992)(frivolous); *Wilson v. Marcrum*, 4:92-cv-00918-RBP-RRA (N.D. Ala. 1992)(frivolous); *Wilson v. Taylor*, 4:92-cv-00821-RBP-RRA (N.D. Ala. 1992)(frivolous); *Wilson v. Spears, et al.*, 4:90-cv-02015-WMA-RRA (N.D. Ala. 1990)(frivolous); *Wilson v. DeLoach, et al.,* 2:92-cv-01533-WMA-RRA (N.D. 1992)(frivolous); and *Wilson v. Butts, et al.,* 2:12-cv-00223-TH-SRW (M.D. Ala. 2012)(failure to state a claim). Thus, plaintiff's request for authorization to proceed in forma pauperis comes within the scope of 28 U.S.C. § 1915(g).

To avoid the dismissal of the present action pursuant to §1915(g), plaintiff's factual allegations need to satisfy the exception to § 1915(g), which requires a showing that at the time of the complaint's filing plaintiff was "under

imminent danger of serious physical injury." *See Adbul-Akabar v. McKelvie* , 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (The plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time.); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)."); *Ball v. Allen*, CA 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished) (Granade, C.J.)(To satisfy the exception to § 1915(g), plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]"). Plaintiff simply has not made a proper showing to avoid the bar of § 1915(g).

Plaintiff's complaint does not provide much information about a specific medical condition that requires treatment with the medication he identifies.  It appears that his claim is that the medical staffs at Fountain Correctional Facility ("Fountain"), i.e., nurses and doctors, are not providing him with his proper medication in violation of the Eighth Amendment.  Amended Complaint, Doc. 6, pg. 4. ("I am filing this lawsuit against these nureses (sic) because they will not give me my inhalation because I got Albuterol sulfate and I am suiting (sic) them for everything they got.")[2]

---

[2] "Albuterol (also known as salbutamol) is used to treat wheezing and shortness of breath caused by breathing problems such as asthma. Albuterol belongs to a class of

The only defendant named in the amended complaint is Warden Cynthia White. *Id.*, pg. 5.  He states that Warden White "don't care if we die" in the portion of the form asking for information regarding any grievance procedure existing at the institution, *Id.*, pg. 4, but fails to allege how her lack of concern for inmates is linked to any specific injury.  There is no evidence presented by Mr. Wilson establishing any specific injury proximately caused by Warden White's alleged indifference and certainly does not inform of any imminent physical danger.

It is also clear after reviewing each complaint's allegations, that Mr. Wilson lists only one occasion, May 15, 2012, when his inhaler was not provided. When he filed a handwritten complaint Middle District of Alabama in September 2012,[3] he did not mention a continuing withholding of his medication.  Even though he was given an opportunity to file an amended complaint on a court-provided form, a factual recitation of continuing violations and resulting injury was missing.  It is also noted that Mr. Wilson has not taken any action or provided the Court with any additional information since November 2012.

Even the most liberal reading of the complaints establish no more that plaintiff's attempt to show that nurses, doctors and administrators at Fountain are not performing their duty to provide proper medical care to the entire prison

---

drugs known as bronchodilators. It works in the airways by opening breathing passages and relaxing muscles." http://www.webmd.com/drugs (last visited July 9, 2013). Plaintiff fails to indicate any significant problems caused by the withholding of this type of medication.

[3] The original complaint was filed in the Middle District of Alabama and Mr. Wilson did not use a court-provided form.  (see transfer documents from Middle District, Doc. 4)  In the initial complaint, he asserts a general concern that the doctors, nurses and administration officials were not doing their jobs and providing sufficient care to the inmate population in general.

population.  Although his mantra is that inmates are dying from lack of medical treatment, there is no evidence of specific deaths attributable to constitutionally inadequate care.  His unsupported and conclusory opinion is that prisoners in general, and the plaintiff in particular, are not receiving proper medical care of ongoing dangers to the general care of prisoners at Fountain.  These general claims of inadequate medical care does not support an argument that he was in imminent danger of serious physical injury at the time he filed his complaint.  "The mere fact that plaintiff has complained of medical issues does not 'presume imminent danger.' " *Ball v. Allen, supra* at \*2 (citing *Skillern v. Paul, 202 Fed. Appx. 343, 2006 U.S.App. LEXIS 24841, 2006 WL 2826609, \*1 (11th Cir.2006)*).

Mr. Wilson's attempts to state an Eighth Amendment violation occurring in May 2012 do not provide evidence from which one could infer that he was in danger of serious physical injury at that time, *Medberry*, 185 F.3d at 1193 ("The only allegations which [Wilson] makes in his Complaint that he was in imminent danger of serious physical injury were the alleged events which formed the basis for his Complaint.  This threat, however, had ceased prior to the filing of his Complaint, and nothing therein may properly be construed as constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.")  Thus, plaintiff is complaining about past conduct, that is, the withholding of his inhaler on one occasion.  Considering plaintiff's present allegations, the Court finds that they do not show that he was under "imminent danger of serious physical injury" at the time his original complaint was filed (September 2012) or when he complied with the Court's order (Doc. 5) and presented his complaint on a court-provided form (November 27, 2012).

## CONCLUSION

As of this date, PACER ("Public Access to Court Electronic Record") reflects that plaintiff has a litigation history going back to 1986, including six actions that were dismissed as frivolous or because plaintiff failed to state a claim upon which relief could be granted. Thus, he is barred from proceeding IFP in this action unless he provides evidence that his filing should be excused from the operation of § 1915(g).   Because plaintiff cannot avail himself of §1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to §1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice prior to service pursuant to 28 U.S.C. §1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate   Judge's   report   and   recommendation   where   the   disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of July, 2013.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE